UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HAKIM I. KAMAU, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:07-cv-1400-RLY-WTL |
| ) | |
| JUDGE TANYA W. PRATT, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

Plaintiff Hakim I. Kamau ("Kamau") filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and its companion statutes, alleging that the defendants violated his federally secured rights by conspiring to maliciously prosecute him for a crime. Kamau seeks approximately one hundred million dollars ($100,000,000.00) in damages.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Applying the foregoing standard, Kamau's complaint must be dismissed for failure to state a claim upon which relief can be granted.

! Kamau's claims against Judge Tanya W. Pratt and Judge Richard Sallee are dismissed because of these defendants' absolute immunity from the actions (judicial rulings) attributed to them. *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles,* 502 U.S. at 11-12. In the instant action, the complaint challenges the decisions made by the judicial defendants during the course of Kamau's criminal proceedings; this challenged conduct was all taken in the judge's official capacity.

! Kamau states that the malicious prosecution claim against the remaining defendant would necessarily imply the invalidity of his state criminal conviction. This claim, at this point, is governed by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* involved a claim of malicious prosecution which, if the plaintiff prevailed, would render the criminal conviction invalid. The Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted); see also *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). It follows, then, that Kamau's malicious prosecution claim is not cognizable under § 1983 until–and unless–his state criminal conviction is resolved in his favor. Only then will his malicious prosecution claim accrue.

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim against the defendant. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The claims against Judge Pratt and Judge Sallee will be **dismissed with prejudice,** while the claim based on a theory of malicious prosecution is **dismissed without prejudice. Judgment consistent with this Entry shall now issue.**

    **IT IS SO ORDERED.**

Date: April 29, 2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana